Stephen Pennyman
V.
Leigh'ann Caurso   Parole officer   waterbury district
Jennifer Desena   Parole officer   waterbury district
frank Spinelli   Parole officer   waterbury district
micah mann   Parole officer   waterbury district
Giovanna Harris   Parole Supervisor New Heaven district
Steve Landphear   Community Release Director
   Carbone   Deputy warden at Carl Robison C.I.
   Carron   Warden at Carl Robinson C.I.
   Motley   Correctional Counselor Community Release C.R.C.
   Carter   Correctional Counselor Community Release C.R.C.I.
   Egaleson   Counselor Supervisor at C.R.C.I.
   Blakley   Counselor Supervisor at C.R.C.I.
   O'Banner   Correctional Counselor at C.R.C.I.
   Barcoubs   Correctional Counselor at C.R.C.I.
   Pettinato   parole officer   waterbury distnct
   Parsons   parole supervisor waterbury district
   Dunkley   parole offcer at C.R.C.I.
TARA Brooks   parole supervisor overseeing C.R.C.I.
Ruth Muniz   Parole Supervisor revocation Board
   Hines   Correctional Counselor
   Volovski   Counselor Supervisor at Community Release

COMPLAINT for Violation of Civil Rights
Under 42 U.S.C. § 1983

Plaintiff, Stephen Pennyman, brings this actions
for damages, declaratory relief, and injunctive
relief, and alleges:

I. INTRODUCTION

This is a civil rights action brought
under 42 U.S.C. §1983 for ongoing
constitutional violations committed by
Connecticut department of correctional
(Doc) and Board of pardons and parole
(Bopp) emp

Plaintiff challenges Defendants unlawful
conduct including:

A. A False special parole violation in July
2025, despite Plaintiff having already completed
and been reinstated from that violation in
May of 2024

B. Retaliatory parole and Doc actions for
Plaintiff's ongoing federal civil suit, Pennyman v.
Desena et al, Case No. 3:25-CV-00040,

C. Wrongful classification of plaintiff as an
85% violent-offender for a non violent
drug conviction;

d. use of falsified information and expired CI Community-release cover sheet to deny Transitional supervision (T.S.);

e. Interference with plaintiff's programing, T.S. eligibility, and liberty interests;

f. false claim that plaintiff violated a court ordered program to justify GPS placement

G. unconstitutional conditions of confinement imposed on plaintiff by Connecticut department of correction (Doc) offical and Connecticut parole officers

h. Emotional Distress and Emotional damage due to refusel to help correct fail information and denial of Constitutional Rights and liberties, and plaintiff State of pirill

These actions violated Plaintiff's rights under the fourth, Eighth, and fourteenth Amendments of the united States constitution

## II    JURISDICTION

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

## III    VENUE

Venue is proper under 28 U.S.C. § 1391(b) because all events occurred within Connecticut, and all defendants are employed in Connecticut.

## IV    PARTIES

Plaintiff, Stephen Pennyman is currently a sentenced inmate within the Connecticut Department of Correction and is supervised by Connecticut parole

Defendants

Leigh'ann Caurso is a state of Connecticut parole officer employed by the state of Connecticut and is and was acting under color of state Law at all times mentioned In this civil action (waterbury parole)

Jennifer Desena is a state of connecticut parole officer employed by the state of Connecticut is and was acting under the color of state law (waterbury parole)

frank spinelli is a state of connecticut parole officer employed by the state of Connecticut is and was acting under the color of state law (waterbury parole)

Micah Mann is a state of Connecticut parole officer employed by the state of Connecticut is and was acting under the color of state law (waterbury parole)

Giovanna Harris is a state of Connecticut parole supervisor employed by the state of connecticut is and was acting under the color of state law (New Haven parole)

Steve Landphear is a state of connecticut Department of Corrections Director of Community Release employed by the state of connecticut is and was acting under the color of state Law (Enfield ct community Release unit)

Carbone is a State of connecticut deputy warden of Carl Robinson C.I. employed by the State of connecticut is and was acting under the color of State law

Carron is a State of connecticut warden of Carl Robinson C.I. employed by the State of connecticut is and was acting under the color of State Law

Motley is a State of connecticut correctional counselor for community Release at Carl Robinson C.I. employed by the State of connecticut is and was acting under the color of State Law

Carter is a State of connecticut correctional counselor for community Release at Carl Robinson C.I. employed by the State of connecticut is and was acting under the color of State Law

Eggleson is a State of connecticut correctional counselor supervisor at Carl Robinson C.I. employed by the State of connecticut is and was acting under the color of State Law

Blakley is a state of connecticut Correctional counselor supervisor at Carl Robinson C.I. employed by the state of connecticut is and was acting under the color of state Law

O'Banner is a state of connecticut Correctional counselor at carl Robinson C.I. employed by the state of connecticut is and was acting under the color of state Law

Barcombs is a state of connecticut correctional counselor at carl Robinson C.I. employed by the state of connecticut is and was acting under the color of state Law

Pettinato is a state of connecticut parole officer out of the waterbury district employed by the state of connecticut is and was acting under the color of state Law

Parsons is a state of connecticut parole supervisor out of the waterbury district employed by the state of connecticut is and was acting under the color of Law

Dunkley is a State of Connecticut parole officer at Carl Robinson C.I. employed by the state of connecticut is and was acting under the color of state law

Tara brooks is a State of Connecticut parole supervisor who oversees Carl Robinson C.I. employed by the state of Connecticut is and was acting under the color of State Law

Ruth MUNIZ is a state of Connecticut parole supervisor of the revocation Board for the connecticut Board of pardons and parole employed by the state of connecticut is and was acting under the color of state Law

Hines is a State of Connecticut correctional counselor at carl Robinson C.I. employed by the state of connecticut is and was acting under the color of State Law

Volovski is a State of connecticut counselor supervisor at Community Release Unit employed by the state of connecticut is and was acting under the color of state Law

Defendant's (all) defendants are Department
of correction and/or Board of pardons and
parole employees acting under color of
State law
All defendants are sued in their individual
and official capacities


## VI    STATEMENT of Facts

A November 2, 2023 search based on fabricated
allegations stated parole officers desena, Mann
Caruso and spinelli conducted a search of
plaintiffs residence. parole falsely stated
plaintiff was in possession of a gun, even though
Meriden police reported only a drunk caller
alleging Plaintiff Allegally to ask where to buy
a gun (No Gun was Found)

Drugs were located only after the parole
Search.
Plaintiffs was arrested solely for Narcotics
possession with intent to sell, Possession of Narcotics

Plaintiff's special parole revocation completed
May 17, 2024, Plaintiff appeared for a
revocation hearing. His special parole was

separated from the criminal case and he received 6 months posted bond plaintiff was reinstated to special parole on May 17, 2024 From May 2024 through July 22, 2025, plaintiff remained in full compliance with special parole earning an increased Gps curfew from 9pm to 11pm, plaintiff only was Reincarcerated due to the drugs found in November 2023 parole Search under fabricated information by parole officer

July 22, 2025 plaintiff was sentenced and started a 2year sentence and D.O.C. unlawfully labels plaintiff on a special parole violation status

Plaintiff surrendered on July 22, 2025 to serve a 2-year sentence for a nonviolent narcotics offense

Doc falsely classified plaintiff as being held on a new special parole violation, even though he had already completed it and could not be violated twice for the SAME incident. by State Law

DOC Staff repectedly stated plaintiff must see the Bopp despite no lawful parole detainer existing

Plaintiff sent multipule inmate request form to D.O.C. Staff Ranging from counselors, counselor supervisors, community release counselors deputy wardens and warden of Carl Robinson C.I.

Plaintiff sent Multipule inmate Request forms to community Release officals and parole offical at Carl Robinson C.I., community Release unit and waterbury parole

Plaintiff verbaly requested from the deputy warden carbone to be allowed to call his special parole officer to have her clearfy that plaintiff did not violate his special parole and was told that calling a parole officer is not a Legal call

Plaintiff sent deputy warden carbone a inmate Request as he was told to by deputy warden carbone stating you told me to write to you about my problem of a special parole violation which is false carbone never responded to Request. (Request has note on it hand copyed)

DOC wrongfully Classifies plaintiff as a 85% violent offender Plaintiff conviction is possession with intent to sell is a nonviolent drug offense, Categorized under 50% early release statutes despite this, DOC classified plaintiff under 85% violent-offender statutes, delaying:

His Transitional supervison (T.S.) date

His program entry

His Community Release eligibility

Records specialist Celina formeister later provided a false sworn declaration in plaintiffs First federal case stating DOC's time sheet was accurate, when it was not

Retaliation connected to federal civil case 3:25-CV-00040 The same defendants named here (Caruso, Desena, Mann, Spinelli, Harris) are defendants in Plaintiffs pending federal lawsuit following suit And Motion in that case, DOC and parole staff began:

Delaying Jail credits,

Reclassifying him violent as a violent offender,

using a 2022 CL cover Sheet from an unrelated past sentence,

Denying T.S. with false information,

These actions constitute Retaliation for plaintiff exercising his first amendment Right to petition the courts.

False claim *Plaintiff* violated a court-ordered program (GPS retaliation)

Defendant caruso falsely documented plaintiff violated a court-ordered program.

Plaintiffs criminal attorney, Matt Dyer, confirmed no program was court-ordered

Despite this caruso ordered GPS placement. Caruso wasnt moved from plaintiff's supervision untill civil suit And Evidentary hearing and parole officer perez was now plaintiff supervising special parole officer.

Plaintiff notifed parole officer perez who stated she would look into the information of the fact never was a court ordered program stated in plaintiff criminal case

parole officer perez stated to plaintiff that her Supervisor stated she can not Remove plaintiff from GPS placement and she had set up a meeting with plaintiff herself

and her supervising parole officer parsons

AT the meeting plaintiff stated there was NO
court ordered program and perez confirmed
that Attorney Dryer state there was No court
ordered program that the Rushford program
was self implemented by plaintiff not courts
parsons stated then well you did not do a
drug evaluation that is why you will Remain
on GPS ~~sta~~

Plaintiff stated he did a drug evaluation to
get into the drug program that was said
it was court ordered and you have to have
a evaluation to be placed into a drug program

Parson stated it is not in the computer so
she dont know if I did a evaluation at
all

Plaintiff stated you have to do a evaluation
to be placed into a programming group and
your computer says I was dismissed out
the drug program so if you dont see it
that is caruso fault not mines because I
signed the Release forms with Roshford in
Meriden ct giving consent so they can talk to
parole about my programing

Plaintiff's wife called parole supervisor Ruth muniz of the Revocation Board about plaintiffs false special parole violation status and that everyone is saying they dont Know plaintiffs p.o. pettinato, Parsons parole supervisor, parole officer Dunkley at C.R.C.I., parole supervisor TARA Brooks, and D.O.C

defendant Muniz stated plaintiff doesnt have a violation as of now his parole officer from the community must send the paperwork ignoring the fact that the plaintiff did not violate special parole when taking his 2 year sentence

Plaintiff wife text the plaintiff community parole officer pettinato about the false special parole violation defendant pettinato text back saying it is handled (This text was on 9-18-25)

Plaintiff's Multipal text Messages through his wife to parole and Multipal INMATE Request and plaintiff's wife calling parole officers and supervisor and D.O.C. Staff/personal and NO change was made at all Keeping the plaintiff on a special parole violation Status And on 85% status Not 50%
9-18-25

Plaintiff sent over 25 Inmate Request To multipal D.o.c. personal and parole personal about not violating his special parole when taking his 2 year sentence and not having a 85% Sentences but a 50% Sentences

Plaintiff sent Inmate Request to Classificction, Records, Deputty warden, warden, two Counselor Supervisor, 5 Counselor, Director of community Release, counselor supervisor at community Release Parole, parole Supervisor Brooks, and Muniz each person denied to help and Correct this Issue for over 85 days allow the plaintiff to be held as he violated his special parole and has 85% Crime not 50% which plaintiff's drug Charge is 50%

Plaintiff persents Exhibits A-1 — A-9 Through F-6 Showing all information of Inmate Request, Cl Cover Sheets, Inmate Time sheets, Request of show in fact plaint was held on a Special parole ~~holding~~ violation and the fact plaintiff was held on 85% Status when plaintiff Charges are 50% Showing plaintiff was illegally held on a special parole violation and 85% Status

Request show plaintiffs T.S. and program eligibillity was delayed due to the false classification of 85% instead of 50% and false special parole violation

Request show the numerous attempts the plaintiff tried to get help from D.O.C parole officals Community Release official even to the point of having his wife call D.O.C. parole to no avail

Request show D.O.C offical's covering for Community Release by mentioning 10 years old escape from halfway house, special paroles that where completly discharged and refusing to answer questions Regarding plaintiff T.S.

Plaintiff sent inmate Request to DOC officails Starting 7-25-2025 continually about not violating special parole having a 50% charge not 85% asking for this to be corrected untill 12-10-2025

Plaintiff wrote parole again on 9-21-25 stating I was told I cant see community Release untill I see parole and In being held at 85% for violent offenders when I only have A non-violent offense drug charge which is 50% That it

was parole who does percentages and it was
cleared up I did not vidate my special
parol

Parole supervisor Muniz Respond on 10-2-2025
stating: you do not have a parole eligibility date
with our angency as you are not serving a
New sentence of greater than 2 years. The
85% was from your prior sentence ended
when you discharged to special parole any
questions regarding community Release Transitional
supervison eligiblty need to be addresed with
community Release counselor liaison your 85%
Time is corrected and reflects 50%
            (ᵉˣ D-2 )

D.O.C. Records Specialist Clina formister
Declaration under penity of perjury stating plaintiff
Time sheet was correct with Attached Time sheet
Showing 85% date not 50% are incorrect
And false
            (B-1, B2        )

D.O.C. New corrected time sheet for plaintiff
shows 50% date Not 85%
            ( ~~B2a~~, ● ᵉˣ D-8 )

Plaintiff sent Request to counselor supervisor
egaleson who Responded to plaintiff's 8-19-25
Request on 9-12-25 stating: I cant wave
your programs you are being held on a
special parole violation w/new charges
The Revocation Board will decide when your
release date will be

(EX B-9)

Plaintiff sent Request to Steve landphear
Community Release Director on 9-11-2025
~~defend~~ I'm writing to you because I've been
writing for my Voice program being told my P.E.O
9-18-2026 that I have a drug charge which is 50%
I did not violate my special parole to make
my sentence 85% asking to help me defendant
Lanphear Responded on 9-16-25 stating
facility controls program unless returned with
stipulation In Regard to release consideration,
have you talked w/ Anyone from the BOPP!
(EX C-5)

The Plaintiff after speaking with wife, sent Request
on 9-21-25 to Community Release that
it had finaly been clearled up I did not
violate my special parole I would like to
put in for my T.S. I have a sponsor
and two Job waiting for me so can I
Please apply for my T.S. defendant carter

Parsons state it (GPS) will not be removed
and said I need to go to wheeler clinc
Plaintiff state so If I do this evaluction will
you take the Gps off she stated no

Plaintiff did evaluation at wheeler clinc in
watebury ct and was given counseling / theorphy
Session due to the Level of stress and circumstance
of plaintiff life and no drug program was
deem for plaintiff

Plaintiff parole officer was changed from
perez to parole officer Pettinato who once
again plaintiff told he was on Gps for a
false violation of a court ordered program and
gave his attorney Matt Dryer number to pettinato
who state she has nothing to do with that
and dont bring it up to her

Parson later stated Plaintiff needs to stop
complaining because it can get a lot worse
and to be happy its only Gps plaintiff should
have known that a law suit wont help
your on Special parole we can do what wt
want and the plaintiff has to do it

Defendant pettinato later admitted that the Gps would not be Removed because Plaintiff had a 2010 burglary charge. past crimes cannot justify false violations

Pettinato told plaintiff to just keep his head down because he should of never filed the law suit or complained at all because every one (Parole officers And parole supervisor) are all friends And work together and Plaintiff has 2 more years of special parole and any one who pushes will get pushed back so just stop complaining and drop the law suit and everything will be good because the plaintiff cannot ~~win~~ win and when plaintiff goes to Jail he wont get out early if not latter than spozed to get out

Plaintiff called D.O.C Administraton to Make a complaint to Commissioner Quiros A staff Member took a message plaintiff never got a call back Plaintiff called again no Response and no help at all

Transitional supervision (T.S) falsely denied
Community Release counselor sent plaintiff a
C1 community release cover sheet from the year
2022 stating your T.S was denied you
are solely a special parole case now
See Attached
                ( C-9-2, C-9-1  )

The C1 cover sheet shows plaintiffs
(E.O.S) End of sentence is 7-18-2023
when it is the current year of 2025 as well
as the cover sheet was for a halfway house
placement not T.S. and when the plaintiffs
special parole start date 7-18-2023
                ( D-3  )

you can not have a sentence that
is T.S. and a special parole sentence at
the same time as Correctional counselors
Both Motley and Carter both Know this is
Not possible and Just highliting the community
Release part of the Titlling Community
Release Residentaul programing Make it
Community Release (T.S.)
                ( C-9-2  )

Second Transitional supervision (T.S.)
falsely denied

On October 6, 2025 plaintiff filled out his
T.S. packet

On October 10, 2025, TS was denied for
reasons that were:

false,

Retaliatory,

Based on fabricated special parole violation, and

The denial stated:

(a) Poor performance on community Release/
Parole/probation

(b) Nature/circumstance of the current offense
based on false gun allegation And prior charge

Plaintiff offense is non violent Narcotics possesion
Not gun-related


On the second Cl cover sheet had a voted
to parole date of 7-18-2023 for a T.S.
Sentence in the year 2025 and the
two Cl cover sheet are from two seperate
charges two separate Sentence and the
special parole for the first Cl cover sheet
was not violated when taking the 2 year
Sentence which plaintiff is appling for T.S.
on And plaintiff special parole is currently
Running and Not Returned to serve time for
the special parole or new commitment

Plaintiff has been writing doc officals and parole officals and having his wife call parole office in waterbury Main office due to plaintiff receiving No Response from the parole officals for over 80 day about not violating his special parole and not having a 85% crime

Plaintiffs parole officer would Not accept a prison phone call when plaintiff added parole officer pettinato phone number to call list (cell phone) Plaintiff wife has text Message from pettinato

Plaintiff told the federal courts in his currently pending Civil case 3:25-cv-00040 that he fears he will be denied his T.S. and half way House and Attorney Manicini stated it was speculation not factual when it is a reality the plaintiff Knew was awaiting him due to defendants and their Co-workers and counter parts actions before turning hisself in to serve the 2-years sentence due to his Civil suit against defendants Desena, Caruso, Mann spenilli And harris Continual false information false violation of court ordered program And even when It was proven Nothing was Corrected Only backing and covering up for these

illegal Conduct / actions

The continual actions of defendant and their
co-workers and agents show a false policy
Retailiation against the plaintiff placing the plaintiff
in a Constint state of peril, deppression, fear
Antioty and disbelief, Emotional distress emotionally
damaged and dispear

Even with 2 meriden police reports having
Clear different Information on what was
said by the plaintiff's unknown Caller a
intoxieated person saying plaintiff was attempting
to buy a gun to defendants of Civil Case No.
3:25-Cv-00040 Stating The received
information was plaintiff was in possesion
of a gun And Refuse to correct or discipline
officers they placed the plaintiff under the
supervision of defendant Caruso who plaintiff
complained about at his special parole Revocation
hearing in the Month of ~~may~~ May with disregard
to caufict of intress

Defendant Caruso even once Removed from
supervison of plaintiff false allegations still hindered
and ~~still~~ Attracked the plaintiff thragh her
co-workers At waterbury parole officer
Thragh other parole officers and parole supervisor

The action of defendants Desena, Caruso, Mann, spenilli and harns still attack the plaintiff with a false special parok violation when plaintiff surendered to serve his 2-year Sentence causing a change in his percentage from 50% to 85% Non-violent to violent Delaying program entry delaying T.S.

Defendants of Civil Case of plaintiff 3:25-cv-0040 Used their Co-workers Doc to impose these Classification falsely on the plaintiff and hinder, delay and prevent the plaintiff from T.S. Approvale

Plaintiff sent Multipul inmate Request to Numerous D.O.C Staff/personal with the abillity to investage and correct these false classification imposed on the plaintiff illegally

Plaintiff spoke verbally with Multipul DOC Staff/personal with the abillity to investagate and correct these false classification imposed on the plaintiff illegally

Plaintiff sent Multipul Request to the community Release Director And community Release counsolor about the false classification imposed on the plaintiff illegally, with

the ability to investigate and correct these issues

Plaintiff sent Multipul Request to parole to correct their false classification imposed ~~the~~ ilegally on the plaintiff

Plaintiff had his wife call parole officers and supervisors at waterbury parole and parole Main office

Plaintiff wife called parole supervisor Tara Brooks on behalf of plaintiff and the false special parole violation and defendant Brooks stated plaintiff violation status had to come from the community parole office for him to be held as he violated his special parol and Refused to investagate the issue after plaintiff wife stated parole officer pettinato said there was no violation but nothing was corrected and the Jail would not allow plaintiff to call parole or call parole their selves Just impose their condiction on the plaintiff

Plaintiff wife texted plaintiff parole officer pettinato who continue to say their was no violation she dont know why they would say this (That text was on 9-18-25 )

Responded Stating  you ~~other~~ were
denied community Release  see attached
you now solely a special parole case
(Attached is a CI Cover Sheet from 2022-9-14
with E.O.S. of 7-18-2023 and a
Special parole Start date 7-18 2023 to
end 7-18-2027 Saying Community Release
Residential Program Date Review 9-14-2022)
       (ex C-9-1 , C-9-2)


Defendant Muniz Responded to plaintiff
Request on 10-02-2025 and on 10-06-2025
plaintiff fill out T.S. packed and on 10-10-2025
defendant Lanphear denied plaintiff T.S.
within 4 day,
       (ex D-3)


The CI Cover Sheet with denial of T.S.
(or false Reason of; Poor performance on comm.
Release/Parole/probation, and, Nature and/or
circumstance of the current offense, with
the (VTP) Voted to parole date of 7-18-2023
and a new special parole Start date of
12-27-2026  which is false plaintiff never
received a special parole violation or a
New special parole commitment no parole for 2 years
       (D-3)

The plaintiff Receiving a C1 cover sheet from a discharged sentence from the year 2022 in the year 2025 for a T·S. sentence Not the parole sentence that C1 cover sheet (Marked as C-9-2) show that the information Regarding the plaintiff is wrong so when the New C1 cover sheet dening plaintiffs T·S. with the E·O·S· of the first C1 cover sheet from 2022 the second C1 cover sheet marked as D-3) should not have a Voted to parole date of a past sentence and a new special parole start date when plaintiffs special was not violated or has anything to do with the plaintiffs 2-year sentence
                    (Ex C-9-2, D-3)


Plaintiff T·S was denied with false information and was denied with two sperate cases information on one C1 cover sheet when only one charge is the perpose of the plaintiff Incarceration

Plaintiff sent inmate Request to defendants
Landphear, Carbone, Carron, Cater, Egaleson,
Blakley, O'Banner, Barcombs, Dunkley
Brooks, Muniz, Itine, voloviski and
pettinato and parsons to correct this
situation for the 85% status charge insted
of 50% and the false violation of special
parole these defendant failed to correct this
Issue for over 85 days causing false
information in T.S. Review And program placement

I the plaintiff Stephen Pennyman exhaughted
the Inmate grievance / Remidy processes

I the plaintiff sent out 7 grievance
to correct this ISSUE of the fact I was
placed on 85% Status for a 50% Status
charge, That I did not violate special
parole, and false information on CI cover
sheet when deriving My (T.S.) Transitional
supervisor.

Some of plaintiffs where Responded to with
out grievance Receipts and other Receipts
where given And no Return of grievance
at all

Plaintiff filed Level 2 appeal of grievances/
Remedy Regarding Not violating his special parole
when being sentenced to 2 year or surrendering
to serve the 2 year drug charge and No
Response to his Level 2 appeal or Any Receipt

Plaintiff filed Level 2 appeal of grievance/
Remdy regarding being placed in the 85%
Status charges when plaintiff has a 50%
Status Charge for drugs a Non-violent
offense and Still No Response to his Level 2
appeal or Any Receipt

Plaintiff has provided hand copies of grievance
that where not Responded to or give Receipts
also copies of the Level 2 appeals

Plaintiff has provided the grievances that
where Responded to with out Receipts

Plaintiff has provided the Receipt to grievances
that where Never Returned or Responded to

The grievance/Remdy procedure at Carl
Robinson C.I. is in violation of
the administrative directives And is
Broken their is No accountability or

is febe doesn't work because grievance
are being lost not picked up every day

Plaintiff spoke with dep. warden carbone
who stated that they just got some one
knew to do the grievances counselor Barcombs
a counselor who is a defendant in my
civil case their is not a person who is not
connected to the other d.o.c personel to
protect the inkgerty of the grievance / Remdy
processe and stop the abillity of Reteliation

Plaintiff wrote a letter to the district administrator
of the second district and had counselor
Hives forward it to district administrator and
when the district administrator responded on a
copy of the envelope it was sealed in
was the name of the Director of community
Release lanpheer who I was complaing
of in the letter showing the action of D.O.C.
offical never should plaintiffs letter been
sent to defendant lanphear when plaintiff
is mentioning the illegal action of Lanphear

Plaintiff is unable to Relie on the grievance process or the confedence of asking higher ups in the change of command to correct violation of administrative directive and Constitutional Rights

Plaintiff has Exhaughted The administrative Grievance / Remdy processed

Plaintiff has exhaughted grievance/Remdy processe on Multipal grievance/Remdies

Plaintiff also has been filing grievances Since September of 2025 about not violating ~~this~~ His special parole and that his charges are 50% not 85%

Plaintiff filed grievances on the follow dates for the above mentions Reason of not violating special parole and being held on a special parole violation, having Been placed in the 85% catagory when charges are in the 50% catagory for non-violent drug charges, The Denial of T.S. with a CI cover sheet from 2022 when plaintiff was Serving 6½ years with special parole to follow not A T.S. Sentence which Must be 2years and lower and the E.O.S.

was in 2023 July 18th in the year 2025, The fact that on second CI cover sheet The Reasons of poor performance on comm. Release/parol/probation and Nature and/ or circumstance of current offense, and Retaliation for plaintiff current pending civil suit

The carl Robinson C.I. has had to switch grievance coordinator and have not corrected their grievance procedure

## CAUSE OF ACTION

COUNT 1; Fourteenth amendment Due process Violations:
Defendant deprived plaintiff of liberty intrests by fabricating violations, misclassifying him as violent, and denying T.S. with false records

COUNT 2; Eighth Amendment CRUEL and unusual punishment:
False special parole violations, wrongful 85% status, and retaliatory T.S. denial imposed atypical and significant hardship.

Count 3; First admendment Retaliation
All Retaliatory conduct stemmed from
Plaintiff's federal civil action

Prayer for Relief
plaintiff's request:
Compensatory damages
1) 5,000,000.00 Each defendant for each admendment
violation

2) 8,000,000.00 Each defendant jointly and severely
for Continuance of violations and failure to correct
Leaving plaintiff in state of perill

3) 8,000,000.00 Each defendant for delaying programs
using false information and denial of T.S. and
false classification

Emotional Compensatory damage
1) 5,000,000.00 Each defendant for each admendment
violation

2) 8,000,000.00 Each defendant for delaying programs
using false information, denial of T.S. and false
Classification

3) 8,000,000.00 Each defendant Jointly and severely for
Continuing violations, failure to correct Leave plaintiff in state of perill

Punitive damages

1) 15,000,000.00 Each defendant for each admendment violation

2) 15,000,000.00 Each defendant Jointly and servely for continuing violations and failure to correct Leaving plaintiff in a state of perill

3) 15,000,000.00 Each defendant for delaying programs using false information and denial of T.S and false classification

Declaratory Judgement that defendant conduct violated the plaintiff's constitutional Rights

The information in this civil action is true and correct to the best of the plaintiffs knowledge as he has and was/is effcked and went through these events Cause and affect on Stephen Pennyman

Stephen Pennyman